C. W. Wood, plaintiff in error, vs. Jesse Carter, defendant in error.

Pending an action with bail process in the Superior Court, the plaintiff took out an attachment, on the same demand, returnable to the Inferior Court. *Held,* That he had the right to do so.

Certiorari, in Hall Superior Court. Decision by Judge Hutchins, September Term, 1859.

Carter instituted suit against Wood, in Hall Superior Court, in which bail was required and given. Pending suit, Carter sued out an attachment against him on the same cause of action, returnable to the *Inferior* Court of Hall county. Defendant Wood moved to dismiss the attachment, on two grounds:

1st. Because bail had been given in the common law action.

2d. Because the Superior Court alone had jurisdiction of the attachment, the same having issued pending the common law suit, and for the same cause of action. The Superior Court refused the motion and defendant brought the case, by certiorari, for review and reversal before the Superior Court.

The presiding Judge of that Court, (Hutchins,) dismissed the certiorari, and affirmed the judgment of the Inferior Court, and to this decision defendant excepts and assigns the same as error.

E. M. Johnson; and R. L. Law, for plaintiff in error.

*By the Court.*—Benning J. delivering the opinion.

Was either of the grounds of the motion to dismiss the attachment, good? We think not. We think that the twenty-eighth section of the Attachment Act of 1856, renders both of the grounds untenable.

Wood vs. Carter:

It was argued, that the old law was the same as this section of the new ; and, that, in *Clark vs. Tuggle*, (18 *Ga* 604,) this Court had decided, that an attachment would by that law, not lie in such a case as the present, a case in which there was a bail writ pending when the attachment was issued. But that case was not like the present. In that case, the attachment and the bail process, were both issued at the same time. Not only so, but it was the attachment that was first served. Therefore, that was a case in which, it could not be said, that the attachment was issued *pendente lite*. If either of the two processes, was issued *pendente lite*, it was the bail process.

This being so, the Court in that case, thought, that the old Act, " which authorizes the issuing of attachments *pendente lite*," did not *apply* ; the Court thought, that the attachment was not "in the nature of an attachment *pendente lite*." This is the view which the Court acted on, in that case, whether this view is correct or not, (and I must say, that I now hardly think, that it is,) two things are certain ; one, that such a view is not possible in the present case, for in the present case, it is clear, that the attachment was an attachment, *pendente lite* ; the other, that the present question is on a new statute, the Attachment Act of 1856.

Consequently, we feel at liberty in any view of the case of *Clark vs. Tuggle,* to follow the plain words of the new Act, and hold, that an attachment may issue pending any suit, not excepting a suit, by bail process.

Judgment affirmed.